UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., <br><br>  Plaintiffs, <br><br> vs. <br><br> CMT ROOFING, LLC., <br><br>  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:22-cv-00047-JAR |

### **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Summary Judgment. (ECF No. 39). For the following reasons the motion will be granted in part and denied in part.

### **BACKGROUND**

The nine Plaintiffs in this action are Greater St. Louis Construction Laborers Welfare Fund ("the Welfare Fund"), Construction Laborers Pension Trust of Greater St. Louis ("the Pension Trust"), St. Louis Vacation Fund ("the Vacation Fund"), Construction Laborers & Contractors Training Fund of Eastern Missouri ("the Training Fund"), the respective trustees of each fund, and Local Unions Nos. 42 and 110 ("the Union"). They claim that Defendant CMT Roofing, LLC, failed to remit contributions to several funds as required by their collective bargaining agreements ("CBAs"). They bring this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1332(g) and § 1145, to recover the delinquent contributions, as well as interest, liquidated damages, attorneys' fees, court costs, and accounting fees.

CMT first became signatory to a CBA with the Union on August 23, 2016. (ECF No. 41-4). After that CBA expired on February 28, 2019, CMT agreed to a successor CBA effective

until February 29, 2024.  (ECF No. 41-5).  Under the terms of both agreements, CMT is required to make contributions to seven funds in accordance with certain rates for each hour worked by its employees.  (*Id.* at pp. 7-9, 17-18).  Four of the funds are Plaintiffs here.  But three of the funds—Site Advancement Fund ("the SAF"), Supplemental Dues Fund ("the Dues Fund"), and Laborers-Employers Cooperation and Education Trust ("the LECET")—are not.  Contributions to the funds are to be paid monthly and to be accompanied by reporting forms detailing the hours worked by covered employees in the previous month.  (*Id.* at p. 17).  Delinquent contributions are subject to a twenty percent liquidated damages penalty and interest calculated at the maximum rate allowed by federal law.  (*Id.* at p. 18).

In Plaintiffs' motion for summary judgment, they seek to recover unpaid contributions to all seven funds under ERISA.  In support of their motion, they filed an affidavit from Ron D. Graves, the "Controller of the Greater St. Louis Construction Laborers Benefit Funds," detailing numerous unpaid contributions to the funds between January 2018 and March 2022.  (ECF No. 41-2).  First, Graves asserts that CMT failed to report several hours worked by its employees from January 2018 to July 2021.  RSM US LLP, an accounting firm for Plaintiffs, reviewed CMT's payroll records during this period and found that CMT failed to report 6,450.49 hours to the funds.  In its Payroll Examination Report (the PER), RSM concludes that CMT owes the funds $109,689.66 in unpaid contributions, $23,296.22 in liquidated damages, $12,067.28 in interest, and $12,315.03 in supplemental dues, for a total of $157,368.19.  (ECF No. 41-12 at p. 1; *See* ECF No. 42 for the full PER).

Second, Graves asserts that CMT reported hours worked by its employees from August 2021 to May 2022 but failed to make the accompanying contributions to the funds.  Attached to his affidavit is an exhibit titled "Discrepancy Report" detailing CMT's unpaid contributions,

liquidated damages, and interest owing to each fund during this time period. (ECF No. 41-7). It concludes that CMT owes $413,285.99 in unpaid contributions, $110,728.76 in liquidated damages, and $18,387.62 in interest, for a total of $542,402.37.

Third, Graves asserts that four employees—Michael Johnson, James Kellerman, Jason Miller, and Jacob Miller—submitted paycheck stubs to his office for hours they worked between August and December 2021 that CMT failed to report. "Check stub variances" for each employee list the total hours worked by the employee in certain pay periods and the amounts CMT owes to the funds for those periods. (ECF No. 41-8–11). A summary of these check stub variances is provided below:

| Employee | Unpaid Contributions | Liquidated Damages | Interest | Supplemental Union Dues | Total |
|---|---|---|---|---|---|
| Michael Johnson | $ 2,389.52 | $ 477.90 | $ 107.10 | $ 329.63 | $ 3,304.15 |
| James Kellerman | $ 7,028.00 | $ 1,405.60 | $ 288.21 | $ 676.20 | $ 9,398.00 |
| Jason Miller | $ 4,357.36 | $ 871.47 | $ 236.28 | $ 412.06 | $ 5,877.17 |
| Jacob Miller | $ 6,641.46 | $ 1,328.29 | $ 363.70 | $ 363.52 | $ 8,696.98 |
| **Total** | **$ 20,416.34** | **$ 4,083.26** | **$ 995.29** | **$ 1,781.41** | **$27,276.30** |

Plaintiffs move to recover these sums as well as $10,472 for the costs of RSM's payroll examination, $10,669 in legal fees, and $456.50 in court costs. In total, Plaintiffs move for summary judgment in the amount of $748,644.36.

In CMT's opposition to Plaintiffs' motion, it concedes that it was obligated to make contributions to the funds and that it failed to do so, but it disputes the number of hours it failed to report and the amounts it owes to the funds. To support its disputes, it provides an affidavit from Parker Elliot, the Executive Assistant for CMT who submits monthly reports to the funds,

who produced his own analyses of CMT's payroll records. He claims that CMT failed to report only 1,713.58 hours from January 2018 to July 2021, not 6,450.49 as asserted in the PER. (ECF No. 50-2). He also claims that CMT did not fail to report any hours worked by Johnson, Kellerman, Miller, or Miller. (ECF Nos. 50-3–50-6). CMT argues that these disputes establish genuine issues of material fact foreclosing summary judgment on Plaintiffs' claims.

## LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual disputes that are irrelevant or unnecessary are not counted. *Id*. The burden of demonstrating there are no genuine issues of material fact rests on the moving party, and the Court considers the evidence and reasonable inferences in the light most favorable to the non-moving party. *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015). To avoid summary judgment, the non-movant must demonstrate the existence of specific facts supported by sufficient probative evidence that would permit a finding in his favor on more than speculation. *Donathan v. Oakley Grain, Inc.*, 861 F.3d 735, 739 (8th Cir. 2017). Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

Section 515 of ERISA, 29 U.S.C. § 1145, requires an employer to make contributions to multiemployer plans in accordance with the terms of its CBA. If an employer fails to do so, the

fiduciary of the plan may recover the unpaid contributions, interest on the unpaid contributions, liquidated damages, costs, attorney's fees, and other appropriate relief. 29 U.S.C. § 1332(g)(2). The parties agree that the Plaintiff funds are employee benefit plans covered by ERISA and that CMT was obligated to make contributions to the funds. At issue are the amounts of unpaid contributions and other damages.

As explained above, Plaintiffs support their motion with the PER prepared by RSM (ECF No. 42), a Discrepancy Report summarizing CMT's unpaid contributions between April and November 2022 (ECF No. 41-7), and four Check Stub Variances for Johnson, Kefferman, Miller, and Miller. (ECF Nos. 41-8–41-11). CMT challenges several of the conclusions in these documents with Elliot's analyses. However, CMT fails to create a genuine dispute of material fact as to any of these unpaid sums.

As an initial matter, CMT fails to controvert the largest category of unpaid contributions, contributions on hours that it reported to the funds between August 2021 and March 2022. In CMT's response to Plaintiffs' statement of facts, it denies that it failed to make these contributions and cites Elliot's affidavit in support.[1] But Elliot's affidavit does not address these contributions at all, and CMT fails to identify any other basis for disputing them.

Elliot's affidavit does dispute the conclusions of the PER and the paycheck stub variances, but it fails to support those disputes with citations to the record. His affidavit merely notes that he prepared analyses of the PER and the individual check stub variances, which are attached as exhibits to his affidavit, and cites generally to hundreds of pages of payroll records. (ECF No. 50-1.) Elliot's analyses, in turn, do not describe his methodology or identify which

---

[1] The Court also notes that in CMT's responses to Plaintiffs' Statements of Uncontroverted Material Facts, CMT appears to have slightly altered Plaintiffs' statements of fact in several locations. (*See* ECF No. 51).

parts of the record support his disputes.  The Court "is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996).  Without citations to particular portions of the materials in the record, Elliot and CMT fail to establish a genuine dispute.  *See generally* Fed. R. Civ. P. 56(1)(A).

Even if Elliot supported his disputes with citations to the record, Plaintiffs persuasively show that these disputes are not genuine.  Each of the disputes appear to be based on a misreading of the PER and payroll records.  Several disputes confuse the PER's summary of unreported hours during a given month with its analysis of unreported hours in a given week.  Several appear to be based on an examination of the wrong pay period.  And several are based on findings that the PER did not make.  Finally, Elliot disputes several findings of unreported hours that are not reflected in CMT's weekly payroll records, but the PER clearly explains that each of the challenged hours "did not appear on the weekly payroll summaries, but were however, on the previously provided annual summaries and tax forms."  (ECF No. 42 at p. 82.)

Nevertheless, Plaintiffs have not shown that they are entitled to all the sums that they request as a matter of law.  First, they seek to recover contributions owed to funds that are not parties to the case—the SAF, the Dues Fund, and the LECET—without identifying a legal basis for doing so.  *See Trustees of Loc. 7 Tile Indus. Welfare Fund v. AM Tile Specialty Constr.*, No. 19-CV-1809-RPK-SJB, 2020 WL 7034025, at *6 (E.D.N.Y. Sept. 23, 2020), report and recommendation adopted, No. 19CV1809RPKSJB, 2020 WL 7021646 (E.D.N.Y. Nov. 30, 2020) (denying plaintiffs' request for contributions to non-plaintiff funds).  They do not claim, for example, that they have been designated to act on behalf of these funds or that the CBA

authorizes them to sue on their behalf.  In fact, the CBA appears to require that suit be brought by the respective trustees of the non-plaintiff funds when it states: "suit to recover unpaid contributions and liquidated damages . . . may be brought by the *respective* Trustees of Welfare, Pension, Training, Fund, Vacation, Supplemental Dues, LECET and/or the Union."  (ECF No. 41-5 at p. 19 (emphasis added)).  But even if Plaintiffs are authorized to collect unpaid contributions on behalf of these other funds, they fail to allege or state that these funds are employee benefit plans covered by ERISA.

Second, Plaintiffs request more liquidated damages than are authorized by statute.  Section 1332(g)(2) limits liquidated damages to "an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or state law) of the amount" of the unpaid contributions.  Plaintiffs' request for $138,108.250 in liquidated damages exceeds 20 percent of their requested award for unpaid contributions, $543,391.99.  Although Plaintiffs do not explain why their request for liquidated damages exceeds the statutory maximum, this surplus appears to be attributable to delinquent contributions that CMT eventually made to the funds without paying the concomitant liquidated damages.  The Eighth Circuit has interpreted "unpaid contributions" as used in § 1332(g)(2) to "mean contributions unpaid at the time suit was filed, rather than contributions which were delinquent for some time but which were paid up before suit was filed."  *Carpenters & Joiners Welfare Fund v. Gittleman Corp.*, 857 F.2d 476, 478 (8th Cir. 1988).  Thus, Plaintiffs may not recover liquidated damages on these delinquent but eventually paid contributions under ERISA.

Finally, Plaintiffs request attorneys' fees but fail to provide supporting documentation showing that their request is reasonable. They merely provide an affidavit from Plaintiffs'

counsel describing the number of hours of service performed and opining that this number is reasonable.

The Court will accordingly grant Plaintiffs' motion for summary judgment with respect to liability—Plaintiffs have established that there is no genuine dispute of material fact that CMT was required to make contributions to the funds and that it failed to do so. However, the Court will deny Plaintiffs' motion with respect to damages and instruct the parties to provide additional briefing and documentation explaining (1) whether Plaintiffs are entitled to payments to the SAF, the Dues Fund, or the LECET, (2) if not, the damages that Plaintiffs are entitled to, and (3) whether Plaintiffs' requested attorneys' fees are reasonable.

Accordingly,

**IT IS HEREBY ORERED** that Plaintiffs' motion for summary judgment [ECF No. 39] is granted in part and denied in part in accordance with this Memorandum and Order.

**IT IS FURTHER ORDERED** that the following briefing schedule shall apply. Plaintiffs shall submit additional briefing on the issue of damages in accordance with this Memorandum and Order no later **Thursday, October 5, 2023**. CMT shall file any opposition brief no later than **Monday, October 16, 2023**.

Dated this 25th day of September, 2023.

_/s/ John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE