**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION ) <br> LABORERS WELFARE FUND, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CMT ROOFING, LLC., ) <br> ) <br> Defendant. ) | Case No. 4:22-cv-00047-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Summary Judgment (ECF No. 39). They claim Defendant CMT Roofing, LLC. owes them unpaid contributions and other costs under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1332(g) and § 1145, and under the terms of their collective bargaining agreements ("the CBAs").

On September 25, 2023, the Court granted Plaintiffs' motion as to CMT's liability but instructed Plaintiffs to further explain their damages request. Though Plaintiffs showed that CMT failed to make required contributions to several ERISA funds, Plaintiffs also sought unpaid contributions on behalf of funds that are not parties to this action and that Plaintiffs did not allege were multiemployer plans under ERISA: Site Advancement Fund ("the SAF"), Supplemental Dues Fund ("the Dues Fund"), and Laborers-Employers Cooperation and Education Trust ("the LECET"). Because an ERISA claim to recover delinquent contributions requires that the plan or plan fiduciary is covered by ERISA, the Court instructed Plaintiffs to file a supplemental memorandum explaining their legal basis for recovering unpaid contributions to the SAF, the Dues Fund, and the LECET.

On October 5, 2023, Plaintiffs filed their supplemental memorandum. They acknowledge that the SAF, the Dues Fund, and the LECET are not covered by ERISA, but they argue that they also alleged a claim under the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185. That provision allows a labor organization to sue an employer in federal court for breach of a CBA. Though Plaintiffs' complaint only references the LMRA in passing and Plaintiffs' motion for summary judgment and accompanying memoranda do not mention the LMRA at all, Plaintiffs argue that they are entitled to summary judgment on their LMRA claim.

Plaintiffs recently made a similar argument in another case before this Court. *See Greater St. Louis Constr. Laborers Welfare Fund v. Aztec Constr. Specialties, LLC,* No. 4:23-CV-430-MTS, 2023 WL 5929336, at *4 (E.D. Mo. Sept. 12, 2023); *Greater St. Louis Constr. Laborers Welfare Fund v. Aztec Constr. Specialties, LLC*, No. 4:23-CV-430-MTS, 2023 WL 5555781 (E.D. Mo. Aug. 29, 2023); *Greater St. Louis Constr. Laborers Welfare Fund v. Aztec Constr. Specialties, LLC,* No. 4:23-CV-430-MTS, 2023 WL 4864567 (E.D. Mo. July 31, 2023). In *Aztec*, Plaintiffs sought to recover unpaid contributions and other costs under ERISA in a motion for default judgment against a non-responsive defendant. Judge Schelp granted Plaintiffs' motion as to the defendant's liability but requested additional briefing showing that Plaintiffs were entitled to recover unpaid contributions on behalf of the same non-ERISA funds as in this case. The Court later rejected Plaintiffs' argument that they were entitled to the contributions under the LMRA because "a plain look at the Complaint shows Plaintiffs requested damages pursuant to ERISA only . . . Plaintiffs pay mere lip service, if even, to the LMRA; the only mention of the LMRA is regarding jurisdiction." *Aztec Constr. Specialties*, 2023 WL 5929336, at *4 (E.D. Mo. Sept. 12, 2023).

As in that case, Plaintiffs' complaint here makes only passing reference to the LMRA and does not clearly allege a distinct ground for relief under the LMRA.  In fact, the complaints in both cases are nearly identical.  As relevant here, they both allege that "Plaintiffs are entitled to recover interest, liquidated damages, costs, and reasonable attorneys' . . . fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and the [Funds'] trust agreements." (*Aztec*, No. 4:23-CV-430-MTS, ECF No. 1 at ¶ 14); (ECF No. 1 at ¶ 13).

Nevertheless, the Court believes that consideration of Plaintiffs' entitlement to the contributions owing to the non-ERISA funds under the LMRA is appropriate here.  While the Court agrees that the complaint is far from clear, it does allege that the Court has jurisdiction under the LMRA, and Plaintiffs' request for relief alleges that they are entitled to unpaid contributions and other costs "pursuant to the terms of the [CBA] and the Funds' trust agreements."  Moreover, unlike *Aztec*, Plaintiffs have moved for summary judgment, not default judgment.  While "a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings[,] [e]very other final judgment should grant the relief to which each party is entitled, even if they party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c).  This provision has been construed to "require[] courts to award relief to which the prevailing party is entitled, even if that party did not request the relief or relied on the wrong statute." *Baker v. John Morrell & Co.*, 266 F. Supp. 2d 909, 929 (N.D. Iowa 2003) (quoting *Travis v. Gary Cmty. Mental Health Ctr.*, 921 F.2d 108, 112 (7th Cir.1990)), aff'd, 382 F.3d 816 (8th Cir. 2004).  Also unlike in *Aztec*, the defendant in this case has answered Plaintiffs' complaint and responded to Plaintiffs' motion for summary judgment and to Plaintiffs' supplemental memorandum.  Not only does CMT not dispute that Plaintiffs assert an LMRA

claim, but it also concedes that it is liable for unpaid contributions and other costs to the non-ERISA funds.

Because the complaint, while far from clear, may be construed as alleging an LMRA claim, Plaintiffs have now clearly explained that they are entitled to contributions under the LMRA, and CMT has conceded its liability under the LMRA, the Court will grant Plaintiffs summary judgment on their LMRA claim if there is no genuine dispute of material fact and Plaintiffs are legally entitled to judgment.

An LMRA claim is governed by general principles of contract law.  *See Painters Dist. Council No 58 v. JohnEd, Inc.*, No. 4:17 CV 1271 JMB, 2019 WL 118549, at *2 (E.D. Mo. Jan. 7, 2019); *see also Trustees of I.B.E.W. Local 405 Health & Welfare Fund v. Affordable Elec., Inc.*, No. 08-CV-117-LRR, 2009 WL 54559, at *3 (N.D. Iowa Jan. 7, 2009) (liability and damages for § 185 claim are governed by terms of the contract, e.g., a CBA).  Plaintiffs may recover unpaid contributions, liquidated damages, attorneys' fees, and other costs only if the CBA provides for them. *See GP&W Inc. v. Daibes Oil, LLC*, 497 S.W.3d 866, 871 (Mo. Ct. App. 2016) (attorneys' fees and costs for breach of contract); *Painters Dist. Council No. 58 v. Architectural Painting Servs., Inc.*, No. 4:16 CV 41 RWS, 2017 WL 1246684, at *6 (liquidated damages for LMRA claim).  The CBA does so here: Section 14.05 provides that, if the employer fails to make timely contributions to the Funds,

> the above contributions due, plus liquidated damages equal to twenty percent of the contributions due, constitute a debt owed by the Employer to said respective Funds Trustees, and that, in addition to all other remedies on account thereof available to said Trustees and/or Union, such debt may be recovered by suit or action at law . . . and[,] in the event of such action[,] the Employer agrees to pay in addition to the amount due of such debt (including the liquidated damages) all Court costs, interest on such debt at the maximum lawful rate computed from the due date of each such contribution, plus a reasonable attorney's fee payable to the attorney or attorneys representing the Trustees and/or the Union in such actions with the amount thereof

> fixed by the Court, but in no event less than thirty-three and one-third percent (33 1/3%) of the total amount for which judgment is rendered.

(ECF No. 41-5 at p. 16; *see also* ECF No. 41-4 at p. 22).

Moreover, there is no genuine dispute that Plaintiffs are entitled to unpaid contributions, liquidated damages, interest, attorneys' fees, and other costs in the amounts specified in their supplemental memorandum. That memorandum adequately assuages the Court's concern that Plaintiffs' requested liquidated damages award exceeds the statutorily authorized amount of twenty-percent of unpaid contributions. 29 U.S.C. § 1332(g)(2)(C)(ii); (ECF No. 57 at p. 7). Specifically, it shows that CMT paid several delinquent contributions after Plaintiffs initiated the lawsuit but failed to pay concomitant liquidated damages.[1] *See Chicago Dist. Council of Carpenters Pension Fund v. Indus. Erectors, Inc.*, 840 F. Supp. 1248, 1254 (N.D. Ill. 1993) ("Furthermore, many circuits have held that as long as there were unpaid contributions at the time the plaintiff filed suit, the plaintiff is entitled to interest and liquidated damages even if the Defendant tendered the unpaid contributions prior to judgement.") (citing *Carpenters & Joiners Welfare Fund v. Gittleman Corporation*, 857 F.2d 476, 478 (8th Cir.1988)). Plaintiffs' memorandum and supporting exhibits also demonstrate that their request for attorneys' fees is reasonable. They show that Plaintiffs' counsel expended 102.8 hours on this litigation at a rate between $215 and $220 per hour, for a total of $22,202.50.

In its response to Plaintiffs' memorandum, CMT does not dispute either Plaintiffs' request for liquidated damages or the reasonableness of their request for attorneys' fees. Instead, it reiterates its previous disputes with the conclusions of Plaintiffs' Payroll Examination Report

---

[1] Plaintiffs note that they originally requested liquidated damages on a delinquent contribution that CMT made before Plaintiffs initiated suit. Plaintiffs have reduced their request for liquidated damages by a commensurate sum, $5,286.00.

(the "PER") and the individual check stub variances. As the Court explained in its previous order, CMT's ostensible factual disputes are not genuine: they are based on an affidavit that does not explain its methodology, cites generally to hundreds of pages of records, and clearly misreads the findings of the PER. (ECF No. 57 at pp. 5-6). Defendant moves to supplement its previous opposition memorandum with an additional affidavit, but again, the supplemental affidavit does not address any of the deficiencies the Court identified in its previous order. (*See* ECF No. 61). This motion to supplement will accordingly be denied.

For the foregoing reasons, and the reasons stated in the Court's September 25, 2023, Memorandum and Order, there is no genuine dispute of material fact and Plaintiffs are entitled to a damages award in the amount of $754,891.86:

**Amounts Identified in the PER**

| | |
|---|---|
| Contributions | $ 109,689.66 |
| Liquidated Damages | $ 23,296.22 |
| Interest | $ 12,067.28 |
| Supplemental Union Dues | $ 12,315.03 |

**Amounts Identified in the Discrepancy Report**

| | |
|---|---|
| Contributions and Supplemental Union Dues | $ 413,285.99 |
| Liquidated Damages | $ 105,442.76 |
| Interest | $ 18,387.62 |

**Employee Paycheck Stub Amounts**

| | |
|---|---|
| Contributions | $ 20,416.34 |
| Liquidated Damages | $ 4,083.26 |
| Interest | $ 995.29 |

| | |
|---|---|
| Supplemental Union Dues | $ 1,781.41 |
| **Fees and Costs** | |
| Payroll Examination Fee | $ 10,472.00 |
| Filing and Service Costs | $    456.50 |
| Attorneys' Fees | $ 22,202.50 |

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment [ECF No. 39] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Supplement [ECF No. 61] is **DENIED**.

A separate judgment shall accompany this Memorandum and Order.

Dated this 22nd day of April, 2024.

                                                                                      _____
                                                                                      JOHN A. ROSS
                                                                                      UNITED STATES DISTRICT JUDGE